UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
ESTEBAN ANGEL AGUILAR and
DENA DENISE ROBINSON,
    Debtors.                      No. 7-08-13642 SA

GARY J. LYON and
JEANNE G. LYON,
    Plaintiffs,
v.                             Adv. No. 11-1212 S

ESTEBAN ANGEL AGUILAR,
    Defendant.

**MEMORANDUM OPINION REGARDING**
**PLAINTIFFS' MOTION FOR RECONSIDERATION**

       This matter is before the Court on Plaintiffs' Motion for

Reconsideration of Order Dismissing Complaint ("Motion")(doc 12).

Plaintiffs are self-represented.  Defendant filed a Response (doc

14).  The Court will in fact reconsider its prior decision, but

finds that the dismissal order was appropriate not only for the

reasons stated, but for additional reasons as well.  This is a

core proceeding under 28 U.S.C. § 157(b)(2)(I).

> Neither the Federal Rules of Civil Procedure nor the
> Bankruptcy Rules recognize a motion for
> reconsideration.  <u>Dimeff v. Good (In re Good)</u>, 281 B.R.
> 689, 699 (10th Cir. BAP 2002).  Although, when filed
> [m]otions for "reconsideration" of a judgment should be
> treated as motions to alter or amend judgment under
> Rule 59(e) F.R.C.P., made applicable to bankruptcy by
> Rule 9023 Fed.R.Bankr.P.  Under those rules, a party
> seeking to alter or vacate a judgment has 10 days from
> entry of the judgment to file a motion for such relief.
> Such motions will only be granted if there has been a
> mistake of law or fact or there is newly discovered
> evidence not previously available.

<u>In re Bushman</u>, 311 B.R. 91, 95 n.5 (Bankr. D. Utah 2004)(Citation

omitted).  Rule 59 was amended in 2009 to increase the 10-day

time periods to 28 days.  Fed.R.Civ.P. 59 Advisory Notes.  Relief may also be available under Rule 59 if there has been an intervening change in the controlling law.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994); 11 Wright, Miller and Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed. 1995).  Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.  Id.  See also Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006).  Rule 59 may not be used to relitigate old matters or reargue theories previously advanced and rejected.  Id.  Nor may Rule 59 be used to raise arguments or present evidence that could have been raised prior to the entry of the judgment.  Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2007), cert. denied, 555 U.S. 953 (2008)(old evidence); Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 404 (4th Cir. 1998) (new arguments or novel legal theories that could have been raised prior to judgment).

**BACKGROUND**

The Debtor (husband) in the bankruptcy case related to this adversary proceeding is an attorney that formerly represented the Plaintiffs.  The Debtors filed their bankruptcy as a Chapter 11 on October 29, 2008 and then moved to convert to Chapter 7 on November 21, 2008.  The deadline for complaints objecting to discharge or dischargeability was March 10, 2009.

Page -2-

Debtor's law practice, Aguilar Law Offices, P.C., filed a Chapter 11 case on October 16, 2008. The United States Trustee moved to convert or dismiss the case on June 18, 2009, and the Court converted it to a Chapter 7 on July 20, 2009.

On November 24, 2008 Plaintiffs filed a complaint in the United States District Court for the District of New Mexico against the Debtor (husband), the law firm, and John Does I-X. The Debtors' attorney filed a notice of bankruptcy in this District Court case on December 9, 2008, and the presiding judge statistically closed it on December 11, 2008.

On February 2, 2009 Plaintiffs filed one adversary proceeding, No. 09-1013, against both the Debtors and Aguilar Law Offices, P.C., seeking a declaration that their claims were nondischargeable under sections 523(a)(2), (a)(4) and (a)(6). At the initial pretrial conference the Court and parties discussed the District Court lawsuit and its relation to the adversary. The minutes of that hearing (doc 8) and resulting Order (doc 9) show that the Court ordered the parties to discuss whether stay relief could be fashioned to try the case in the District Court, including the dischargeability issues, or whether the parties should ask that the reference be withdrawn, or, failing that the Plaintiff must file an amended complaint by April 27, 2009 that had to be a "short and plain statement" of the facts that complied with the "particularity" requirements of fraud pleading.

On April 13, 2009 Plaintiffs filed a Motion for Relief from Automatic Stay in the adversary case (doc 12)[1]. On April 27, 2009 the Court conducted a status conference and entered an Order on April 28, 2009 granting an extension until May 27, 2009 for Plaintiffs to file the amended complaint (doc 14). On May 4, 2009 Plaintiffs filed another Motion for Relief from Automatic Stay in the adversary case (doc 17). On May 4, 2009 Plaintiffs also withdrew the first stay motion stating that they had been informed it needed to be filed in the main bankruptcy case (doc 18). On May 8, 2009 Plaintiffs withdrew the second stay motion for the same reason (doc 19).[2] Plaintiffs filed the First Amended Complaint on May 11, 2009 (doc 20). The Amended Complaint named only the law office as a defendant, and the related bankruptcy case listed in the caption was the law

---

[1]On April 30, 2009 the Debtors and Plaintiffs submitted a stipulated order in the Debtors' main bankruptcy case, No. 7-08-13642-SA granting relief from the automatic stay to allow the District Court lawsuit against Debtor (husband) to proceed.

[2]On May 8, 2009 the Plaintiffs filed the Motion for Relief from Stay in the law office bankruptcy case, No. 7-08-13478-SA, doc 59. At the preliminary hearing on the motion conducted on June 8, 2009, the parties agreed to stay relief. The order states, in part:

> IT IS ORDERED that the automatic stay is terminated for the sole purpose of allowing Creditors to pursue claims pending in the United States District Court for the District of New Mexico against Debtor's insurance carrier so long as any recovery in excess of available insurance coverage is treated as an unsecured claim in this bankruptcy case, and so long as execution or other process to collect any award against Debtor (as opposed to any insurance coverage) remains stayed.

Case 11-01212-s    Doc 15    Filed 03/13/12    Entered 03/13/12 16:21:17 Page 4 of 23

office's bankruptcy case. The Court issued an alias summons on May 14, 2009 for service upon defendant "Aguilar Law Offices, P.C." with an answer due date of June 15, 2009 (doc 21). On May 18, 2009 the Plaintiffs filed a motion requesting that the Court stay the adversary proceeding, stating as grounds:

> The Plaintiffs are requesting the Court stay the Adversary Proceeding because, if the Court grants the MOTION FOR RELIEF FROM AUTOMATIC STAY in Case No. 08-13478-SA [the law office bankruptcy], the Lyons would request that the Adversary proceedings be dismissed without prejudice.

(doc 23). On May 26, 2009 Plaintiffs filed a certificate of service of the Alias Summons stating that service was made on the law office on May 22, 2009 (doc 24). Aguilar Law Office did not file an answer to the complaint. See docket. On June 18, 2009 Plaintiffs filed a Motion to Dismiss the Adversary Proceeding without prejudice (doc 28). The Plaintiffs then drafted and obtained the signature of Debtors' attorney, but not the signature of the law office's atttorney, on an Order Granting Motion to Dismiss Adversary Proceeding without Prejudice, which was entered by the Court on July 9, 2009 (doc 30).

Plaintiffs' next contact with the Bankruptcy Court was on December 5, 2011 when they filed the instant adversary proceeding, No. 11-1213-S against Debtor (husband). It is styled as a Complaint for Money Damages and Determination Excepting this Complaint's 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6) Claims from Dischargeability. All facts alleged in the complaint deal with

Page -5-

the time period of 2004 to 2006, except for one.  In the

introduction to the complaint Plaintiffs state:

> The claims of this complaint stem from new information
> in documents produced February, 2010 by Debtor as a
> Defendant in U.S. District Court Case 1:08-cv-01114-
> LFG-DJS.  Plaintiffs contend Defendant fraudulently
> concealed this document causing damage to the
> Plaintiffs that is covered more fully in this
> complaint's Count 1 -- Breach of Contract (Paragraph
> 92).  The proceedings for District Court Case 1:08-cv-
> 01114-LFG-DJS ended on October 3, 2011.

(Doc 1)[3].  Defendant filed a Motion to Dismiss based on res

judicata and lack of subject matter jurisdiction (doc 5).

Defendant also requested an injunction barring future filings

regarding the same subject matter.  Id.  Plaintiffs filed a

---

[3]The statement that the District Court proceedings ended on
October 3, 2011 is misleading.  The Court has taken judicial
notice of Case 1:08-cv-01114-LFG-DJS and has reviewed the docket
and some opinions and orders filed in the case.  On July 27,
2010, Judge Garcia entered doc 111 ("Memorandum Opinion and Order
Granting Defendants' Motion for Partial Summary Judgment and
Dismissing with Prejudice all Claims Not Covered by Defendant's
Professional Liability Insurance Policy"), doc 112 ("Memorandum
Opinion and Order Granting Defendants' Motion for Partial Summary
Judgment on Plaintiff's Claims for Professional Malpractice and
Breach of Fiduciary Duty in Handling of Claims against TRG"), doc
113 ("Memorandum Opinion and Order Granting Defendants' Motion
for Partial Summary Judgment on Plaintiff's Claims for
Professional Malpractice and Breach of Fiduciary Duty in Handling
of Claims against Pelton"), doc 114 ("Order of Dismissal" that
dismissed all of Plaintiffs' claims against Defendants") and doc
115 ("Judgment" in favor of Defendants on all of Plaintiff's
claims.)  The docket then shows that Plaintiffs filed a Notice of
Appeal of docs 111 through 115 to the Court of Appeals for the
Tenth Circuit on August 25, 2010 (doc 116), and that a Mandate
from the Court of Appeals on March 22, 2011 affirming the
District Court (doc 120) was subsequently filed.  Next,
Plaintiffs filed a Petition for Writ of Certiorari on May 26,
2011 (doc 121) which was denied by an Order of the Supreme Court
on October 3, 2011 (doc 122).

response (doc 6).  The Court conducted the initial pretrial conference on January 23, 2012 and allowed Plaintiffs to file a statement of factual and legal issues (doc 7) and then took the Motion to Dismiss under advisement.  Plaintiffs filed a statement of Factual and Legal Issues (doc 7).  This statement discusses the fraudulent concealment doctrine, behavior by an attorney that conflicts with established rules of professional conduct, and fraudulent misrepresentations to the Court.  On February 9, 2011 the Court entered an Order Granting the Motion to Dismiss (doc 10).  The Court did not bar future filings or assess sanctions.  On February 17, 2012 Plaintiffs filed the Motion for Reconsideration.  (Doc 12).

Plaintiffs' Motion seeks reconsideration of the Order Dismissing this adversary proceeding.  In the Motion's Introduction section, it refers to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6)[4], 11 U.S.C. § 350(b)[5], Fed.R.Bankr.P. 4007(a), (b) and (e)[6], and Fed.R.Civ.P. 60(b)[7] as grounds for the reconsideration.

---

[4]These are the Bankruptcy Code's dischargeability of debt provisions for debts arising from fraud, defalcation of a fiduciary, and willful and malicious injuries.

[5]Section 350(b) deals with reopening bankruptcy cases, not adversary proceedings.

[6]Fed.R.Bankr.P. 4007 sets out the rules for the determination of dischargeability of a debt.  Section (a) states that either a debtor or creditor can file a complaint to determine dischargeability.  Section (b) states that the a complaint to determine dischargeability may be filed at any time
(continued...)

Page -7-

The Motion then lists 9 "legal doctrines" that call for

reconsideration:

---

⁶(...continued)
<u>except</u> for complaints described in section 523(c).  Section
523(c) provides that, except in certain conditions not relevant
to this case, the debtor will be discharged from debts of the
kind specified in paragraphs (2), (4) and (6) of subsection (a)
unless, on request of the creditor, and after notice and a
hearing, the court determines that that debt is excepted from
discharge.  Plaintiffs' complaint in this adversary proceeding is
based on section 523(a)(2), (4) and (6) so Rule 4007(b) is not
relevant to the facts of this case.
    Fed.R.Bankr.P. 4007(c) is relevant to this case.  It states
that the time for filing section 523(c) complaints (<u>i.e.</u>,
complaints under sections 523(a)(2), (4) or (6)) shall be filed
no later than 60 days after the first date set for the meeting of
creditors under § 341(a).  Section (e) of Rule 4007 simply states
that any complaint to determine dischargeability must be filed as
an adversary proceeding.

⁷That rule provides:
(b) Grounds for Relief from a Final Judgment, Order, or
Proceeding. On motion and just terms, the court may
relieve a party or its legal representative from a
final judgment, order, or proceeding for the following
reasons:
(1) mistake, inadvertence, surprise, or excusable
neglect;
(2) newly discovered evidence that, with reasonable
diligence, could not have been discovered in time to
move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or
extrinsic), misrepresentation, or misconduct by an
opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or
discharged; it is based on an earlier judgment that has
been reversed or vacated; or applying it prospectively
is no longer equitable; or
(6) any other reason that justifies relief.

| | Legal doctrine. | Comment. |
|---|---|---|
| 1. | Title 11 U.S.C. § 523(a)(2), (4) and (6). | <u>See</u> footnote 3. These sections are not relevant to reasons for reconsideration. |
| 2. | Fed.R.Bankr.P. 4007(a), (b) and (e). | <u>See</u> footnote 4. Rule 4007(b) is not relevant. |
| 3. | Title 7, U.S.C. | Title 7, Chapters 1 through 114 deal with agriculture, so are not relevant. |
| 4. | NM LBR Addendum A. | This is the 1984 U.S. District Court Administrative Order that refers bankruptcy issues to the Bankruptcy Court. It is not relevant. |
| 5. | Title 28 U.S.C. § 157. | This section allows for Federal District Courts to refer bankruptcy matters to their bankruptcy courts and defines what bankruptcy judges may hear. It is not relevant. |
| 6. | Fed.R.Bankr.P. 9029. | This rule permits the promulgation of local rules. It is not relevant. |
| 7. | the U.S. Supreme Court's Fraudulent Concealment Doctrine. | discussed below. |
| 8. | <u>Bulloch v. United States</u>, 763 F.2d 1115, 1121 (10th Cir. 1985) re: fraud upon the court. | discussed below. |
| 9. | the meaning and purpose of "without prejudice" language in a court order. | discussed below. |

Page -9-

## FRAUDULENT CONCEALMENT

Plaintiffs put forth their fraudulent concealment claims in the introduction to their second adversary complaint. It was quite clear that they based their claimed right to proceed upon new information. And, the Court specifically addressed that argument in the Order Dismissing Complaint (doc 10). The Order refers to their allegation that on February 1, 2010 they first received a July 13, 2006 memorandum which was, figuratively, the smoking gun. The Order then acknowledges the theory of tolling a statute of limitations for reasons of fraud, but found that it should not apply because, in fact, Plaintiffs had already assumed, probably from other evidence in their possession, fraud, breach of fiduciary duty and willful and malicious injury when they actually filed the original adversary complaint alleging those causes of action. Had Plaintiffs done any discovery in that adversary proceeding they could have uncovered the smoking gun[8]. Instead, they voluntarily dismissed that adversary proceeding probably expecting to obtain full relief from the Debtor's insurance carrier in the District Court case. In

---

[8]"[E]quitable tolling allows a plaintiff to avoid the bar of the limitations period if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." Airlines Reporting Corp. v. Mascoll (In re Mascoll), 246 B.R. 697, 703 (Bankr. D.C. 2000)(quoting Carrier v. Radio Free Europe/Radio Liberty, Inc., 159 F.3d 1363 1367 (D.C. Cir. 1998)). The Court finds that doing no discovery is not being diligent.

retrospect that was a terrible judgment call, but it is not grounds to refile a case which was voluntarily dismissed years previously.

The Court finds that Plaintiffs' references in the Motion for Reconsideration to fraudulent concealment are merely attempts to reargue that which was already denied.  Furthermore, the Court has very serious doubts that the doctrine of fraudulent concealment tolls the deadline for filing complaints objecting to dischargeability under section 523(c) when the creditor has actual knowledge of the bankruptcy.

Plaintiffs argued in their "Factual and Legal Issues Required for January 23, 2012 Pretrial Conference", doc 7, at p.2 that the doctrine of fraudulent concealment is read into every federal statute of limitation, citing <u>Bailey v. Glover</u>, 88 U.S. 342, 347 (1874)("[W]hen the object of the suit is to obtain relief against a fraud, the bar of the statute [of limitations] does not commence to run until the fraud is discovered or becomes known to the party injured by it.") and <u>Holmberg v. Armbrecht</u>, 327 U.S. 392, 397 (1946)("This equitable doctrine is read into every federal statute of limitation.")

While Plaintiffs have accurately stated the law, they have also failed to distinguish between "statutes of limitations" and "statutes of repose."

> Statutes of repose and statutes of limitations are often confused, though they are distinct.  A statute of

Page -11-

limitations creates an affirmative defense where
plaintiff failed to bring suit within a specified
period of time after his cause of action accrued, often
subject to tolling principles. Stuart v. Am. Cyanamid
Co., 158 F.3d 622, 627 (2d Cir. 1998); see also P.
Stolz Family P'ship v. Daum, 355 F.3d 92, 102-03 (2d
Cir. 2004). By contrast, a statute of repose
extinguishes a plaintiff's cause of action after the
passage of a fixed period of time, usually measured
from one of the defendant's acts. See P. Stolz Family
P'ship, 355 F.3d at 102-03.

Ma v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 597 F.3d 84,

88 n.4 (2nd Cir. 2010). See also In re Exxon Mobil Corp.

Securities Litigation, 500 F.3d 189, 199-200 (3rd Cir. 2007):

> A statute of repose bars "any suit that is brought
> after a specified time since the defendant acted ...,
> even if this period ends before the plaintiff has
> suffered a resulting injury." Black's [Law
> Dictionary], supra, at 1451 [(8th ed.2004)](emphasis
> added). Unlike statutes of limitations, which
> traditionally do not begin to run until a cause of
> action has accrued (i.e., when all required elements
> have occurred) and the onset of which is often subject
> to delay by late discovery of the injury (or when a
> reasonable person should have discovered it), statutes
> of repose start upon the occurrence of a specific event
> and may expire before a plaintiff discovers he has been
> wronged or even before damages have been suffered at
> all. Accord Nesladek v. Ford Motor Co., 46 F.3d 734,
> 737 n. 3 (8th Cir. 1995) ("A statute of repose is
> different from a statute of limitations ... because a
> tort limitations statute does not begin to run until
> the injury, death, or damage occurs-or until the cause
> of action accrues. On the other hand, a statute of
> repose prevents the cause of action from accruing in
> the first place."); Adolph J. Levy, Solving Statute of
> Limitations Problems § 3.01, at 76 (1987). It might be
> said that statutes of repose pursue similar goals as do
> statutes of limitations (protecting defendants from
> defending against stale claims), but strike a stronger
> defendant-friendly balance. Put more bluntly, there is
> a time when allowing people to put their wrongful
> conduct behind them-and out of the law's reach-is more
> important than providing those wronged with a legal

remedy, even if the victims never had the opportunity
to pursue one.

and see Williams v. EMC Mortgage Corp. (In re Williams), 276 B.R.

394, 398 (Bankr. E.D. Pa. 2002):

> A statute of limitations "is a procedural device that
> operates as a defense to limit the remedy available
> from an existing cause of action." First United
> Methodist Church of Hyattsville v. United States Gypsum
> Co., 882 F.2d 862, 865 (4th Cir. 1989), cert denied,
> 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990).
> One of the purposes of a statute of limitations is to
> encourage prompt resolution of disputes and to provide
> to defendants a mechanism to dispose of stale claims.
> Id. at 866.  In this regard, "the terms of a typical
> statute of limitations provide that a cause of action
> may or must be brought within a certain period of
> time." Beach v. Ocwen Federal Bank, 523 U.S. 410, 118
> S.Ct. 1408, 1412, 140 L.Ed.2d 566 (1998).
>     In contrast, a statute of repose creates a
> substantive right in those protected to be free from
> liability after a legislatively-determined period of
> time. First United Methodist Church of Hyattsville,
> 882 F.2d at 865.  Statutes of repose are motivated by
> "considerations of the economic best interest of the
> public as a whole and are ... based on a legislative
> balance of the respective rights of potential
> plaintiffs and defendants struck by determining a time
> limit beyond which liability no longer exists." Id.

"In contrast to statutes of limitation, statutes of repose

serve primarily to relieve potential defendants from anxiety over

liability for acts committed long ago." Goad v. Celotex Corp.,

831 F.2d 508, 511 (4th Cir. 1987), cert. denied, 487 U.S. 1218

(1988).  A statutes of repose requires as an element of the cause

of action that the suit be filed by a date certain.  Id.

Statutes of repose are not concerned with the plaintiff's

diligence; they are concerned with "the defendant's peace."

Page -13-

<u>Underwood Cotton Co., Inc. v. Hyundai Merchant Marine (America),</u>
<u>Inc.</u>, 288 F.3d 405, 409 (9th Cir. 2002).

One significant difference between a statute of limitations
and a statute of repose is that a statute of repose cannot be
equitably tolled.  <u>Tidewater Finance Co. v. Williams (In re</u>
<u>Williams)</u>, 341 B.R. 530, 538 n.9 (D. Md. 2006), <u>aff'd</u>, 498 F.3d
249 (4th Cir. 2007); <u>In re Maas</u>, 416 B.R. 767, 771 (Bankr. D.
Kan. 2009)("Equitable tolling is inconsistent with statutes of
repose.")(citing <u>Lampf, Pleva, Lipkind, Prupis, & Petigrow v.</u>
<u>Gilbertson</u>, 501 U.S. 350, 363 (1991)).

Statutes of limitations have two common characteristics.
<u>Id.</u> at 769.  First, they give a plaintiff a specified period of
time within which to pursue a claim.  <u>Id.</u> at 769-70.  Second, the
period begins when the plaintiff has or discovers he has a
complete and present claim or cause of action.  <u>Id.</u> at 770.  When
both conditions are met a court may "toll" the running of the
deadline if equitable considerations excuse the plaintiff's
failure to file the claim timely.  <u>Id.</u> (Citations omitted.)  This
"equitable tolling" is appropriate when the plaintiff has
diligently pursued his remedy but some action by defendant has
frustrated his efforts.  <u>Id.</u> (Citation omitted.)

Statutes of repose do not start to run when the plaintiff
has or discovers he has an action.  <u>Id.</u> at 771.  Rather, the
statutes set an outside limit as to when the cause of action can

accrue in the first place. <u>Id.</u> In other words, they set a deadline not only for filing the action but also providing that after that deadline the plaintiff can no longer even have the claim.

Bankruptcy Rule 4007(c) is a statute of repose. It states that complaints under sections 523(a)(2), (a)(4) and (a)(6) "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." This deadline has nothing to do with when a creditor's claim accrued or was discovered. It is a date set as a function of the date the debtor filed the bankruptcy. <u>See</u> <u>Schunck v. Santos (In re Santos)</u>, 112 B.R. 1001, 1006 (9th Cir. BAP 1990)(Rule 4007(c) starts the running of a time to file that is not dependant on the discovery or accrual of the cause of action. Tolling does not apply.) <u>Compare</u> <u>Cadle Co. v. Andersen (In re Andersen)</u>, 2011 WL 5835099 (Bankr. D. Mass. 2011):

> The conclusion that equitable tolling is inapplicable to both §§ 727(e)(1) and (e)(2) is further supported by the notion that Bankruptcy Code provisions should be interpreted based upon their "plain meaning." <u>See</u> <u>United States v. Ron Pair Enters., Inc.</u>, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' ") (quoting <u>Griffin v. Oceanic Contractors, Inc.</u>, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)). Section 727(e)(1) clearly states that a § 727(d)(1) action may be brought within one year after a debtor is granted a discharge, while § 727(e)(2) unambiguously limits the commencement of a § 727(d)(2)

Case 11-01212-s    Doc 15    Filed 03/13/12    Entered 03/13/12 16:21:17 Page 15 of 23

action to the same period, or the date the case is
closed, whichever occurs later.  Although words are
subject to nuance, the meaning of this language appears
clear: § 727(d)(1) and § 727(d)(2) actions must be
brought within specific time periods.  The use of
equitable tolling in the context of either §§ 727(e)(1)
or (e)(2) would eviscerate the plain meaning of such
language.

Moreover, Fed.R.Bankr.P. 9006(b)(3) provides: "The court may

enlarge the time for taking action under Rules ..., 4007(c), ...,

only to the extent and under the conditions stated in those

rules."  Rule 4007(c) has a provision for enlargement of time:

"On motion of a party in interest, after hearing on notice, the

court may for cause extend the time fixed under this subdivision.

The motion shall be filed before the time has expired."

In summary, the Court concludes that Plaintiffs' claims were

not equitably tolled.  Therefore, even assuming (though the Court

is not deciding) that Defendant had fraudulently withheld

information, Plaintiffs did not obtain an extension of time to

file their second adversary after March 10, 2009.  The second

adversary was properly dismissed.

**FRAUD ON THE COURT**

The Motion for Reconsideration lists fraud on the court as

an issue, but goes no further.  Plaintiffs' Factual and Legal

Issues (doc 7-1, pp. 4-5) cites a variety of cases that stand for

the proposition that if a court officer or judge deceives the

court or does not impartially perform the functions of their

position, any resulting judgment is void.  Also, the fraud must

Page -16-

be directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. Plaintiffs do not specify what fraudulent conduct occurred here. The Court assumes that Plaintiffs argue that the first case was terminated fraudulently. But the Court finds nothing in that case that would show fraud. First, the only judicial action in the first adversary was the Court's signing of two stipulated automatic stay orders for entry in the main bankruptcy cases to allow the District Court action to proceed, and the signing of the stipulated order dismissing the case. The Court was not called on to rule on anything, nor did it. In fact, the Plaintiffs purportedly drafted the stipulated orders and presumably put into them what they intended. The only other possible "fraud" could have been Plaintiffs' statements that the law office's attorney threatened them (correctly, as it turned out) with sanctions for attempting to hold a corporate chapter 7 debtor's debt nondischargeable. And, as to comments about withheld information, there is no evidence in the docket that Plaintiffs ever attempted to discover anything; it contains no certificates of service for discovery, no notices of 2004 examinations or depositions, nor any motions to compel. See <u>H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.</u>, 536 F.2d 1115, 1118 (6th Cir. 1976)("Allegations of nondisclosure during

Page -17-

pretrial discovery are not sufficient to support an action for fraud on the court.")(Citation omitted.)

Furthermore, the Court addressed Plaintiffs' allegations of fraud on the court in the original order dismissing this adversary proceeding. The Motion for Reconsideration adds nothing new. To the extent Plaintiffs argue fraud on the Court, this issue was already argued and denied and is not the proper subject for a motion to reconsider.

## WITHOUT PREJUDICE

Plaintiffs argue that the first case's dismissal "without prejudice" was correct. Doc 12, p.8. That may be true, but is totally irrelevant. Nowhere do the Plaintiffs state their assumption outright, but it is clear to the Court that they believe that when a case is dismissed without prejudice one is free to refile it any time, any statutes of limitation or statutes of repose notwithstanding. This is dead wrong.

> As enunciated by the Supreme Court, the general rule on the subject is that "if a plaintiff mistakes his remedy, in the absence of any statutory provisions saving his rights, or where from any cause ... the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred."

Dupree v. Jefferson, 666 F.2d 606, 610 (D.C. Cir. 1981)(quoting Willard v. Wood, 164 U.S. 502, 523 (1896). See also Wilson v. Grumman Ohio Corp., 815 F.2d 26, 28 (6th Cir. 1987)(En banc.) ("[D]ismissals without prejudice operate to leave the parties as

if no action had ever been commenced. ... If the period of limitations has run by the point of such a dismissal, any new action is generally untimely.")(quoting <u>Harris v. City of Canton, Ohio</u>, 725 F.2d 371, 376-77 (6th Cir. 1984)). <u>See also</u> <u>Elmore v. Henderson</u>, 227 F.3d 1009, 1011 (7th Cir. 2000):

> [A] suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed. <u>E.g.</u>, <u>Beck v. Caterpillar Inc.</u>, <u>supra</u>, 50 F.3d at 407; <u>Lambert v. United States</u>, 44 F.3d 296, 298 (5th Cir. 1995); <u>Dade County v. Rohr Industries, Inc.</u>, 826 F.2d 983, 989 (11th Cir. 1987). Were this not the rule, statutes of limitations would be easily nullified. The plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to refile it. The strongest case for the rule that the running of the statute of limitations is unaffected by a dismissal without prejudice is therefore the case in which the plaintiff procured the dismissal, as by voluntarily dismissing the suit. <u>See, e.g., Willard v. Wood</u>, 164 U.S. 502, 523, 17 S.Ct. 176, 41 L.Ed. 531 (1896); <u>Beck v. Caterpillar Inc.</u>, <u>supra</u>, 50 F.3d at 407; <u>Bonneville Associates, Limited Partnership v. Barram</u>, 165 F.3d 1360, 1364 (Fed. Cir. 1999). But that cannot place limits on the scope of the rule, since a plaintiff can almost always precipitate a dismissal without prejudice, for example by failing to serve the defendant properly or by failing to allege federal jurisdiction, even if he does not move to dismiss it. The rule is therefore as we stated it: when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice. <u>E.g.</u>, <u>Duffy v. Ford Motor Co.</u>, 218 F.3d 623, 629 (6th Cir. 2000); <u>Hatchet v. Nettles</u>, 201 F.3d 651, 652-53 (5th Cir. 2000) (per curiam).

Finding no error in the Court's dismissal order, the Court denies reconsideration on this ground.

**RES JUDICATA/ COLLATERAL ESTOPPEL**

In Defendant's Motion to Dismiss he argued that this
adversary was also barred by res judicata or collateral estoppel.
The Court did not need to address that in entering the dismissal
order, but has reviewed this argument in connection with the
Motion to Reconsider and finds it well taken.  As noted above,
the Court has taken judicial notice of the District Court case.
In that case, Defendant filed a motion for summary judgment
requesting that the court dismiss all claims not covered by
malpractice insurance because those claims had been discharged in
his bankruptcy case.  Judge Garcia agreed.  "If Lyons intended to
assert that their causes of action other than the claims of
professional malpractice were nondischargeable, they could have
continued with Adversary Proceedings and obtained a ruling from
the Bankruptcy Court on that issue.  They chose not to do so, and
it is now too late.  11 U.S.C. § 523(c)(1); Fed.R.Bankr.P. Rule
4007(c)."  (District Court case, doc 111, p. 12).  The Tenth
Circuit affirmed, reasoning that "[b]y dismissing their
complaint, plaintiffs relinquished their opportunity to have the
bankruptcy court rule on the dischargeability of their claims
against defendants."  Order and Judgment, No. 10-2192 (10th Cir.
2011)(filed in District Court case, doc 120).

In summary, the District Court ruled directly on the issue
of whether all claims against the Debtor had been discharged by

the bankruptcy. It ruled they had, and that ruling was affirmed. Plaintiffs cannot avoid the consequences of these orders by refiling a new adversary proceeding.

## PLAINTIFFS' DILIGENCE

Plaintiffs main claim is that they discovered the smoking gun in February 1, 2010. Defendant filed the summary judgment motions in June, 2010. If the evidence was as probative as Plaintiffs claim, it should have been presented to the District Court before judgment was entered against them. If it was presented, the Court ruled against them. If it was not presented, it is too late to use it now. Finally, to the extent the new evidence had a bearing on a potential dischargeability claim, the matter was not brought to the Bankruptcy Court until December 2011. Plaintiffs stated that this was when the District Court litigation ended. As discussed above, however, the District Court litigation ended in July, 2010. Waiting eighteen months to return to the Bankruptcy Court is not acceptable, especially considering that the original deadline was sixty days and ended on March 10, 2009, Plaintiffs' actions do not demonstrate diligence. See, e.g., Merck & Co., Inc. v. Reynolds, ___ U.S. ___, 130 S.Ct. 1784, 1797 (2010)("[T]he court-created 'discovery rule' exception to ordinary statutes of limitations is not generally available to plaintiffs who fail to pursue their claims with reasonable diligence.").

Page -21-

**CONCLUSION**

The Court has reconsidered its Order dismissing adversary proceeding and finds that it was proper. The Court will enter an Order in conformity with this Memorandum Opinion. Plaintiffs also filed a motion to reopen this adversary proceeding. Doc 13. That motion will also be denied for the reasons set out in this memorandum opinion.

Defendant renewed his request for injunctive relief and/or fees and costs incurred in responding to the Motion to Reconsider and Motion to Reopen. Obviously, this Court cannot order the Plaintiffs to not file an appeal, but the Court can warn them that if they file another action (motion or adversary) in the main bankruptcy case (7-08-13642), or in either adversary proceeding (09-1013 or 11-1212) in an attempt to declare any debt nondischargeable or to revoke a discharge, or to obtain money damages or injunctive relief based on any cause of action that was raised or could have been raised or in any way relates to Defendant's prior representation of them, the Court will not hesitate to impose fines and award Defendant his costs and expenses in defending against the action.

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: March 13, 2012

Page -22-

Copies to:

Gary J Lyon
P.O. Box 19428
Reno, NV 89511

Jeanne G. Lyon
PO Box 19428
Reno, NV 89511

M. Eliza Stewart
Madison & Mroz PA
PO Box 25467
Albuquerque, NM 87125